UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN FRANKLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00507-JMS-MG |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Brian Franklin has filed a habeas petition challenging his conviction for unlawful possession of a firearm by a serious violent felon under Indiana Cause No. 49G21-1706-F4-23873. He argues that his due process rights were violated when he was convicted on insufficient evidence. For the reasons explained below, his habeas petition is **DENIED**. A certificate of appealability **shall not issue**.

**I. BACKGROUND**

The Indiana Court of Appeals provided the following description of the events leading to Mr. Franklin's conviction:

> On the afternoon of June 26, 2017, Harry Watkins was in his Indianapolis home with his wife, their two young children, and his brother Chris, who all lived with Watkins. Franklin, who was Watkins's nephew, came to the home looking for a ride. He eventually stayed to visit and had dinner with the family. After dinner, Franklin went onto the front porch to smoke a cigarette.
>
> Franklin had an active warrant for his arrest, and Sergeant Alex Nuetzel with the Marion County Sheriff's Office was tasked that evening with apprehending Franklin. Sergeant Nuetzel was driving an unmarked black Dodge Charger when he saw Franklin on Watkins's front porch. Franklin noticed the vehicle and immediately put his hand over his face to avoid being detected. Franklin then quickly stood up, ran into the house, and slammed the front door, as Sergeant Nuetzel and another officer yelled, "stop, it's police, don't run in the house, don't close the door." Another officer secured the back of the house, while Sergeant

> Nuetzel and others approached the front. After abruptly entering the house, Franklin ran past his family members and toward the back of the house.
>
> Watkins went out the front door to speak with the police, as his wife took care of the children and Chris stood inside the door holding onto the family's very large dog that would not calm down. Watkins identified Franklin as the man who had just entered the house, and the officers indicated that they had a warrant for Franklin's arrest. Watkins immediately allowed the officers into the home to search for Franklin. Additionally, Watkins accurately informed them of the location of his own guns, all but one of which were stored in gun safes. The other was a 9 mm pistol in a holster on the top of a tall dresser in his room, out of reach of the children. Officers secured both exits, as Watkins's wife and children came out the front door and Chris went out the back door with the dog. The officers then allowed Chris to bring the dog around to the front yard, while the search inside the house continued.
>
> Officers entered the home and cleared the main two floors. Watkins's guns were located in the areas that he had described inside the home. Additionally, a Springfield XD 40 semi-automatic pistol was discovered inside a clothes dryer. The dryer was located just inside a utility room in the back of the house and directly across from the entrance to the basement, which was about three to five feet away. The door to the utility room generally remained open.
>
> A K-9 officer was brought in to search the basement when officers could not locate Franklin elsewhere in the house. The K-9 discovered Franklin in a crawl space in the basement, and Franklin was placed under arrest. He had small amounts of Xanax and heroin in the pocket of his sweatpants. Franklin was a serious violent felon (SVF) and not permitted to possess a firearm.
>
> On June 28, 2017, the State charged Franklin with Level 4 felony possession of a firearm by a SVF (Count I), Level 5 felony possession of a narcotic drug (Count II), and Level 6 felony possession of a controlled substance (Count III). Franklin waived his right to a jury trial, and the bench trial was held on February 26, 2018. Franklin testified in his own defense and denied possessing the pistol or placing it in the dryer on the way to the basement. The trial court found Franklin guilty as charged. At the sentencing hearing on March 23, 2018, the trial court reduced Count II to a Level 6 felony and Count III to a Class A misdemeanor, apparently due to double jeopardy concerns. The trial court sentenced Franklin to twelve years executed in prison for Count I and one year for each of Counts II and III. Counts II and III were ordered to be served concurrent to each other and consecutive to Count I.

Dkt. 8-5 (Indiana Court of Appeals Opinion, Direct Appeal).

On direct appeal, Mr. Franklin challenged his unlawful possession of a firearm conviction, arguing that there was insufficient evidence to find him guilty. Dkt. 8-3. The Indiana Court of

Appeals affirmed, and the Indiana Supreme Court denied the petition to transfer. *See* dkts. 8-2, 8-5, 8-6.

Mr. Franklin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The sole issue Mr. Franklin raises in his petition is whether there is sufficient evidence to support his conviction.[1]

## II. LEGAL STANDARD

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded

---

[1] Mr. Franklin has a pending petition for post-conviction relief in Marion County Superior Court. *See* Indiana Cause No. 49D21-1909-PC-34867. He has not raised any additional issues from his post-conviction relief petition in his habeas petition. *Compare* dkt. 1 (habeas petition) *with* dkt. 8-7 (post-conviction relief petition).

3

jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). "Put another way, the Court asks whether the state court decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (cleaned up).

### III. DISCUSSION

Mr. Franklin claims there is insufficient evidence to support his conviction. Evidence is constitutionally sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original). "[H]abeas reviews of *Jackson* claims are subject to two levels of judicial deference creating a high bar: first, the state appellate court determines whether any rational trier of fact could have found the evidence sufficient; second, a federal court may only overturn the appellate court's finding of sufficient evidence if it was objectively unreasonable." *Saxon v. Lashbrook*, 873 F.3d 982, 987–88 (7th Cir. 2017). "Federal review of these claims turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999) (cleaned up).

The Indiana Court of Appeals correctly identified the "beyond a reasonable doubt standard" when it assessed Mr. Franklin's sufficiency of the evidence claim. Dkt. 8-5, pp. 4-5. The court also

4

identified the standard for assessing sufficiency of the evidence claims on appeal. *Id.* Then, the court engaged in a constructive possession analysis. That is to say, the court considered whether any rational trier of fact could conclude, based on the circumstantial evidence in the record, that Mr. Franklin possessed the firearm just before his arrest. *Id.* at 5-6. The court explained:

> The evidence establishes that, while visiting his family, Franklin was aware that there was an active warrant out for his arrest. When he believed he had been spotted by the police while on the front porch, he covered his face and quickly entered the home as the officers yelled for him to stop. After entering and slamming the front door, Franklin ran past his family members in the front room and toward the back of the house. Watkins immediately dealt with the officers and granted them permission to search the home. During this time, Chris held onto the family's very large dog, which would not settle down during the commotion. The officers then cleared the home of occupants, with Watkins's wife and children leaving through the front door and Chris taking the dog out the back door. Officers were covering both the front and back of the house at the time. Thereafter, Franklin was discovered hiding in a crawl space in the basement. The evidence establishes that Franklin would have passed the open utility room and been within three feet of the dryer as he ran to the basement. The gun, which did not belong to Watkins, was found inside the dryer, an unusual location for a gun. Based on this evidence, the trial court could reasonably infer that Watkins possessed the gun and then quickly discarded it inside the dryer as he fled to the basement. We reject the invitation to reweigh the evidence, as sufficient evidence supports the conviction.

*Id.*

The Indiana Court of Appeals engaged in a reasonable, good faith analysis of Mr. Franklin's sufficiency of the evidence claim. Mr. Franklin has not identified an unreasonable finding of fact or an unreasonable interpretation of existing precedent from the United States Supreme Court warranting habeas relief. Instead, he argues that the Indiana Court of Appeals erred by relying "primarily" on his proximity to the firearm before it was found. *See* dkt. 14, p. 1. Mr. Franklin concludes that the court erred in affirming his conviction "[b]ecause individuals other than Franklin had access to and used the room in which the gun was found." *Id.* at 3.

Mr. Franklin's argument is unpersuasive. The Indiana Court of Appeals relied on multiple factors when it affirmed his conviction. The court considered his proximity to the firearm, the fact

5

that the firearm was found in a place where a firearm would not normally be kept (the inside of a dryer), the fact that he was actively fleeing from police just before the firearm was found, and the fact that Mr. Franklin knew he had an active arrest warrant and would likely be taken into custody. Based on this evidence, the court concluded that a reasonable finder of fact could find beyond a reasonable doubt that Mr. Franklin stashed the firearm in the dryer as he fled the police.

The mere possibility that Mr. Franklin did not possess the firearm is not dispositive. The question is whether the Indiana Court of Appeals reasonably concluded that a rational trier of fact could find him guilty beyond a reasonable doubt based on the evidence in the record. Given the deferential standard for sufficiency of the evidence claims on appellate review, and the deferential standard federal district courts owe state courts on habeas review, the Court finds that there is no basis to vacate Mr. Franklin's conviction. Accordingly, the petition for a writ of habeas corpus is **DENIED**.

### IV. CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could conclude that Mr. Franklin is entitled to relief on his sufficiency of the evidence claim. Accordingly, a certificate of appealability **shall not issue**.

### V. CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. A certificate of appealability **shall not issue**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 12/21/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRIAN FRANKLIN
178939
PENDLETON – CORRECTIONAL INDUSTRIAL
FACILITY CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov